ORIGINAL

FILED Paid

2011 SEP 23 P 2: 28

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NOR

ADR

E-filing

HRL

1   Tammy Hussin (Bar No. 155290)
2   *Of Counsel*
    Lemberg & Associates LLC
3   6404 Merlin Drive
4   Carlsbad, CA 92011
    Telephone (855) 301-2100 ext. 5514
5   thussin@lemberglaw.com

6
    Lemberg & Associates, LLC
7   1100 Summer Street
8   Stamford, CT 06905
    Telephone: (203) 653-2250
9   Facsimile: (203) 653-3424

10
    Attorneys for Plaintiff, Angelina Soto
11

12

13              UNITED STATES DISTRICT COURT
14             NORTHERN DISTRICT OF CALIFORNIA

CV11-04756

15

16   Angelina Soto,                    | Case No.:
17          Plaintiff,                 | **COMPLAINT FOR DAMAGES**
                                        | **1. VIOLATION OF FAIR DEBT**
18      vs.                            | **COLLECTION PRACTICES ACT,**
                                        | **15 U.S.C. § 1692 ET. SEQ;**
19   Morgan Jackson, LLC; and DOES 1-10, | **2. VIOLATION OF FAIR DEBT**
     inclusive,                        | **COLLECTION PRATICES ACT,**
20                                      | **CAL.CIV.CODE § 1788 ET. SEQ.**
            Defendants.                |
21                                      | **JURY TRIAL DEMANDED**

22

23                                         **BY FAX**

24

25

26

27

28

                                    COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For this Complaint, the Plaintiff, Angelina Soto, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Angelina Soto (hereafter "Plaintiff"), is an adult individual residing at 4752 Hamilton Avenue, Apartment 1, San Jose, California 95130, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Morgan Jackson, LLC ("Morgan"), is a New York business entity with an address of 268 Main Street, Suite 100, Buffalo, New York 14202, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Morgan and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Morgan at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.     The Debt

8.     The Plaintiff allegedly incurred a financial obligation in the approximate amount of $300.00 (the "Debt") to Global Group Holdings (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Morgan for collection, or Morgan was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.     Morgan Engages in Harassment and Abusive Tactics

12.     Within the last year, the Morgan contacted the Plaintiff in an attempt to collect the Debt.

COMPLAINT FOR DAMAGES

13.     Morgan caused Plaintiff's phone to ring at an excessive and harassing rate, placing calls to Plaintiff's cellular phone two to three times a day.

14.     Morgan contacted Plaintiff at inconvenient times, including causing Plaintiff's telephone to ring before 8 a.m.

15.     When Plaintiff told Morgan that they cannot place collection calls before 8 a. m., Morgan informed Plaintiff that it could call anytime, and that Fair Debt Collection Practices Act does not apply to their firm.

16.     During one conversation, Morgan's collector advised Plaintiff that he was a paralegal.

17.     Morgan used loud and aggressive tone with Plaintiff in an effort to intimidate Plaintiff into making immediate payment. During a conversation with Plaintiff, Morgan called her a "fraud" and a "scam artist".

18.     Morgan threatened Plaintiff with arrest if the Debt was not paid immediately.

19.     Morgan told Plaintiff that the Debt had increased to $1,000.00, when in fact original amount owed was $300.00.

20.     Morgan contacted called Plaintiff's mother on several occasions in an attempt to collect the Debt. Morgan disclosed the existence of the Debt to Plaintiff's mother, causing a great deal of embarrassment and humiliation to Plaintiff.

COMPLAINT FOR DAMAGES

21.     During a conversation with Plaintiff's mother, Morgan stated that Plaintiff had committed a fraud and could go to jail if the Debt was not immediately paid.

22.     When Plaintiff requested that Morgan cease calling her mother, Morgan stated that they would continue calling until the Debt was satisfied.

23.     A collection letter sent to Plaintiff on September 13, 2011 from Morgan failed to inform Plaintiff of her rights under state and federal law, including the right to dispute the Debt.

## C.   Plaintiff Suffered Actual Damages

24.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

25.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

26.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

COMPLAINT FOR DAMAGES

# COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.

27.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

29.     The Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

30.     The Defendants contacted the Plaintiff before 8:00 a.m. in violation of 15 U.S.C. § 1692c(a)(1).

31.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

32.     The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

33.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

COMPLAINT FOR DAMAGES

34. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

35. The Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney, in violation of 15 U.S.C. § 1692e(3).

36. The Defendants threatened the Plaintiff with imprisonment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

37. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

38. The Defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

39. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

40. The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

41. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

COMPLAINT FOR DAMAGES

42.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

43.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

44.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

46.     Morgan Jackson, LLC, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

47.     The Defendants threatened the Plaintiff with arrest if the debt was not paid, in violation of Cal. Civ. Code § 1788.10(e).

48.     The Defendants used obscene and profane language when speaking with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(a).

COMPLAINT FOR DAMAGES

49.    The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

50.    The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

51.    The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

52.    The Defendants communicated information about the debt to the Plaintiff's extended family, without the intent of confirming the Plaintiff's location and without consent from the Plaintiff or the Plaintiff's attorney, in violation of Cal. Civ. Code § 1788.12(b).

53.    The Defendants falsely represented that it was an attorney or a law firm, in violation of Cal. Civ. Code § 1788.13(b).

54.    The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

55.    The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

COMPLAINT FOR DAMAGES

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

COMPLAINT FOR DAMAGES

DATED:  September 23, 2011                    TAMMY HUSSIN


By:_____
Tammy Hussin  *Of Counsel*
Lemberg & Associates, LLC
Attorney for Plaintiff Angelina Soto